UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>    Petitioner,<br> v.<br>J.N. KATAVICH, Warden,<br><br>    Respondent.[1] | Case No. CV 12-03592 (SH)<br><br>MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. For the reasons stated below, the Petition for a Writ of Habeas Corpus is denied and this action is dismissed with prejudice.

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections

---

[1] J.N. Katavich, the warden of the prison where petitioner is incarcerated, is substituted in as the respondent.

and Rehabilitation, challenges his 1999 conviction in the Superior Court of California, Los Angeles County  (Case No. BA187528).[2]

On April 25, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").  As best the Court can glean from petitioner's allegations, the Petition alleges the following claims: (1) The trial court, the prosecutor and petitioner's counsel failed to inform petitioner about the prosecutor's burden of proving that petitioner suffered two prior serious or violent felony convictions (1986 and 1990 robbery convictions in Florida) -- proof of which was lacking -- in violation of petitioner's rights to due process and equal protection; (2) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to require proof of his two prior serious or violent felony convictions; and (3) Petitioner's sentence constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  (Petition at 5-5F; Petitioner's Reply to Respondent's Return at 3-7).

On May 16, 2012, petitioner filed a Notice of Supplemental Petition for Writ of Habeas Corpus which contained various exhibits relating to the claims alleged in the Petition.

On May 17, 2012, petitioner filed a Notice of Supplemental Petition for Writ of Habeas Corpus which contained various exhibits relating to the claims alleged in the Petition.

Respondent filed an Answer to the Petition on May 21, 2012.  After receiving an extension of time, on July 19, 2012, respondent filed a Return to the Petition, contending that the Petition should dismissed because it is barred by the one-year statute of limitations.

On July 30, 2012, petitioner filed a Supplemental Petition for Writ of Habeas Corpus which contained various exhibits relating to the claims alleged in the Petition.

---

[2] According to respondent, although petitioner currently is incarcerated pursuant to another conviction, he still is in custody pursuant to his conviction in Case No. BA187528.  (See Return to the Petition at 2 n. 2; see also petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody at 5B-5C).

1  Petitioner filed a Reply to the Return on August 6, 2012.

2  Thus, this matter now is ready for decision.

## II. PROCEDURAL HISTORY

In an Amended Information filed in the Los Angeles County Superior Court on October 1, 1999, petitioner was charged with one count of possession of cocaine base for sale and was further charged with the special allegations that he had suffered two prior serious or violent felony convictions and five prior prison terms. (See respondent's Notice of Lodging ["Lodgment"] No. 3).

On November 9, 1999, petitioner was convicted pursuant to a guilty plea of one count of possession of cocaine base for sale, and petitioner admitted the special allegations. On that same date, after granting petitioner's motion to strike one prior "strike," the trial court sentenced petitioner to state prison for a total of ten years, consisting of 5 years for the possession of cocaine base for sale conviction, doubled under California's "Three Strikes Law"[3], and stayed sentences for the prior prison term findings. (See Lodgment Nos. 1 and 2).

Petitioner did not appeal his conviction to the California Court of Appeal. (See Petition at 2-3).

On September 25, 2011, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, alleging claims corresponding to the first through third claims alleged in the Petition herein. (See Lodgment No. 5; Petition at 3-4).[4] On October

---

[3] Cal. Penal Code § 667(e)(1)(A) provides: "If a defendant has one felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

[4] Pursuant to the "mailbox" rule, this Court utilizes the date on which petitioner, appearing in pro per, provided prison authorities with the document as the filing date. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001); Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir.
(continued...)

5, 2011, the California Court of Appeal summarily denied that habeas petition without citation of authority. (See Lodgment No. 6).

On December 17, 2011, petitioner filed a habeas petition with the California Supreme Court, wherein he alleged claims corresponding to the first through third claims alleged in the Petition herein. (See Lodgment Nos. 7 and 8; Petition at 4).[5] On March 21, 2012, the California Supreme Court denied that habeas petition with citation to In re Clark, 5 Cal. 4th 750, 767-69 (1993), People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41 Cal.2d 756, 759 (1953), and In re Swain, 34 Cal.2d 300, 304 (1949). (See Lodgment No. 9).

The instant Petition was signed on April 11, 2012, mailed on April 15, 2012, lodged on April 20, 2012, and filed on April 25, 2012.[6]

## III. DISCUSSION

---

[4] (...continued)
2001).
According to the proof of service attached to the copy of petitioner's California Court of Appeal habeas petition, that habeas petition was mailed on September 25, 2011. Thus, the Court will consider September 25, 2011 as the filing date.

[5] Although no proof of service is attached to the copy of petitioner's California Supreme Court habeas petition, the Court will utilize as the filing date the date on which petitioner signed that habeas petition.

[6] "Under the 'prison mailbox rule' of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).
According to the proof of service attached to the Petition, the Petition was mailed on April 15, 2012. Thus, the Court will consider April 15, 2012 as the filing date.

### A. Absent grounds to either delay the running of or equitably toll the statute of limitations, the Petition is untimely.

Federal habeas corpus relief is governed by statute and codified in Title 28, United States Code at Sections 2241-2255. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitation for state prisoners seeking federal habeas relief.[7]

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, must seek federal habeas relief "within one year of the date his process of direct review came to an end." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).

Here, since petitioner did not appeal his conviction or sentence, his conviction became final on January 10, 2000 (a Monday), sixty days after the date of petitioner's sentencing. See Cal. Rules of Court, Rule 8.308(a); former Cal. Rules of Court, Rule

---

[7] 28 U.S.C. § 2244(d)(1)-(2) provides as follows:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

31(a). The one-year limitations period therefore began to run against petitioner on January 10, 2000. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner therefore had until January 10, 2001 to timely seek federal habeas relief.

Petitioner's state habeas petitions were filed after the one-year statute of limitations expired. (See Lodgment Nos. 5, 7 and 8). Thus, petitioner's state habeas petitions did not statutorily toll the limitations period. See 28 U.S.C. § 2244(d)(2); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed."), cert. denied, 540 U.S. 924 (2003).

Petitioner did not file his Petition until April 15, 2012, more than eleven years after the deadline. Therefore, the Petition is untimely absent grounds for statutory and/or equitable tolling.

## 2. **Petitioner has not alleged grounds for either delaying or equitably tolling the statute of limitations.**

Under 28 U.S.C. § 2244(d), the statute of limitations begins to run the later of four possible dates. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner contends that he did not know that his constitutional rights had been denied until September 16, 2011, the date he received the transcripts of his prior convictions (and the date of his sentence in Case No. BA379739), or until December 8, 2011, the date he received "exculpatory evidence" (i.e., "documents explaining elements and conduct of a robbery in Florida"). It appears that petitioner is claiming that the statute of limitations did not begin to run until September 16, 2011 or until December 8, 2011, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" within the meaning of 28 U.S.C. § 2244(d)(1)(D). (See Petition at 3, 5C ).

However, the factual predicate of the claims alleged in the Petition herein could have been discovered earlier had due diligence been exercised. Hasan v. Galaza, 254

F.3d 1150, 1154 n.3 (9th Cir. 2001)(stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance). Petitioner was aware of the factual predicate of his current claims when, in 1999, he admitted the truth of the prior Florida convictions.  Petitioner has failed to allege, or show, that he exercised due diligence in attempting to obtain the transcripts of his prior convictions or the other documents. Consequently, contrary to petitioner's assertion, the statute of limitations began to run on January 10, 2000.

The United States Supreme Court has recognized the availability of equitable tolling to the one-year statute of limitations in "extraordinary" circumstances, such as those involving "serious instances of attorney misconduct." Holland v. Florida, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010).

The Ninth Circuit has recognized the availability of equitable tolling in situations where "<u>extraordinary circumstances</u> beyond a prisoner's control make it <u>impossible</u> to file a petition on time." Beeler, supra, 128 F.3d at 1289 (9th Cir. 1997) (emphasis added)(citations omitted).  The words "extraordinary" and "impossible" suggest the limited availability of this doctrine.  To date, the Ninth Circuit has found very few circumstances which warrant equitable tolling.[8]  The lack of precedent finding

---

[8]  See e.g., Doe v. Busby, 661 F.3d 1001, 1012-15 (9th Cir. 2011) (equitable tolling warranted where petitioner's counsel failed to file federal habeas petition after making numerous promises to timely file, petitioner's counsel did not return petitioner's file until long after the statute of limitations had run, and petitioner was reasonably diligent in pursuing his rights); Bills v. Clark, 628 F.3d 1092, 1098-1101 (9th Cir. 2010)(equitable tolling may be warranted where "mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence"); Harris v. Carter, 515 F.3d 1051, 1054-57 (9th Cir. 2008)(petitioner entitled to equitable tolling because he relied on the Ninth Circuit's legally erroneous holding in determining when to file a federal habeas petition); Jefferson v. Budge, 419 F.3d 1013, 1014, 1017 (9th Cir. 2005)(petitioner entitled to equitable tolling because district court dismissed mixed petition without first giving petitioner choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims, but assumes "ordinary diligence" on the petitioner's part); Spitsyn v. Moore, 345

(continued...)

circumstances worthy of equitable tolling suggests not only the scarce applicability of the doctrine, but also that the circumstances must truly rise to the occasion of being "extraordinary" and petitioner must be able to demonstrate that filing a timely petition was not possible.

Because petitioner has not shown he is entitled to statutory or equitable tolling, the Court finds that the Petition is untimely and therefore should be dismissed.

### IV. ORDER

For the foregoing reasons, IT IS ORDERED that the Petition is denied and that the action is dismissed with prejudice.

DATED: August 8, 2012

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[8] (...continued) F.3d 796, 800-02, (9th Cir. 2003)(although in a non-capital case an attorney's negligence usually will not justify equitable tolling, equitable tolling available where the attorney does nothing, is completely unresponsive, and fails to return the petitioner's file until after the statute of limitations had run); Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003)(petitioner entitled to equitable tolling because district court erroneously dismissed his earlier, timely petition without first giving him an opportunity to file an amended petition as an alternative to dismissal for failure to exhaust state remedies as to all claims); Corjasso v. Ayers, 278 F.3d 874, 877-79 (9th Cir. 2002)(equitable tolling warranted where district court mishandles a petition [dismissal on a technicality and losing the body of the petition] causing it to be untimely); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling available where petitioner turned petition over to prison officials before the statutory deadline but a delay in mailing caused petition to be untimely); Beeler, supra, 128 F.3d at 1289 (equitable tolling available in situation where petitioner's lead counsel withdraws, and replacement counsel needs time to become familiar with case); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (equitable tolling available in light of petitioner's possible mental incompetence), cert. denied, 526 U.S. 1060 (1999).